### No. 445

No. 20364—The S. S. Kresge Co. v. Constance E. Fader. Error to the Court of Appeals of Cuyahoga County.

703. LANDLOD AND TENANT.—915 Personal Injuries—

1. Duty of owners or lessees is to use ordinary care to prevent injuries to patrons in store, but they are not insurers against all accidents and injuries.

2. Where, during a rain storm, water blows into front of a store and incoming customers carry in moisture and cause floor to become slippery, no action arises against owner or lessee in favor of a patron who slips on floor and is injured by a fall.

KINKADE, J.

1. Owners or lessees of stores owe a duty to the patrons of the store to exercise ordinary care to prevent acccident and injury to patrons while in the store, but they are not insurers against all accidents and injuries to such patrons while in the store.

2. The fact that during a rain-storm some water has blown into the front of a store on account of the opening of the door to admit customers, and the incoming shoppers during such rain-storm carry in moisture on their clothing and feet and umbrellas, and thereby and only thereby cause the floor inside the door and near thereto to become damp and more slippery than is the dry floor in other parts of the store, will not give rise to a cause of action against the owner of lessee of the store in favor of a later incoming patron who slips or falls on such damp floor and is injured by such fall.

Judgments reversed and judgment for plaintiff in error.

Marshall, C. J., Day, Robinson, Jones and Matthias, JJ., concur. Allen, J., concurs in proposition 1 of syllabus and in the judgment.

---

### No. 446

No. 20401—Erie Railroad Co. v. Public Utilities Commission.

973. PUBLIC UTILITIES COMMISSION—1. Failure to attach a map to an application for a certificate to operate motor transport over an irregular route renders such application fatally defective under 614-91 GC.

2. Commission not required to give written notice to other transportation companies operating in the territory nor to give ten days notice of the time of hearing upon an application to operate motor transport over an irregular route.

3. Applicant for such certificate need publish notice only in newspaper of county seat to and from which persons and property are proposed to be carried and not in each county seat on proposed route.

4. Application may be granted in whole or in part but order cannot be more extensive than convenience or necessity to be served as shown by evidence at hearing.

5. Where places on irregular route so certified are served in part by a regular route, certificate should safeguard infringements upon regular route unless existing facilities are not adequate and opportunity has been afforded to provide such service after sixty days notice as provided in 614-87 GC.

MARSHALL, C. J.

1. The requirement of section 614-91 General Code, that an "application shall contain a map showing the highway or highways and public places upon and over which such motor transportation company is to operate" applies to both regular and irregular routes and a failure to attach such a map renders an application fatally defective.

2. Upon filing n application for a certificate to operate over an irregular route the commission is not required to give written notice of the filing of such application to other transportation companies operating in the territory through which the applicant proposes to operate, neither is the commission required to give ten days notice to such transportation companies of the time of the hearing upon such application.

3. An applicant for a certificate to operate over an irregular route is only required to publish notice of the filing of such application in a newspaper of general circulation published at the county-seat of that county to and from which persons or property are proposed to be transported and such publication is not required to be made at the county-seat of each county through which persons or property shall be carried.

4. An application for a certificate may be granted in whole or in part, but the order cannot in any event be more extensive than the convenience and necessity to be served as shown by the evidence adduced at the hearing.

5. Where the place or places to or from which an irregular motor transportation route is certificated are served in part by a regular route the certificate authorizing such irregular route should safeguard infringements upon regular route and other existing transportation facilities, unless it appears from the evidence that such existing transportation facilities are not reasonably adequate and an opportunity has been afforded to provide such service after sixty days notice, as provided by section 614-87, General Code.

Order reversed.

Day, Allen, Kinkade, Robinson and Matthias, JJ., concur. Jones, J., concurs in paragraphs 1, 2, 4 and 5 of syllabus and in the judgment.